John NELSON, Plaintiff—Appellant,

v.

MGM GRAND HOTEL, LLC d/b/a MGM Grand Hotel/Casino, MGM Grand Resorts, LLC and MGM Mirage, Defendants—Appellees.

No. 06–16599.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 2008.

Filed July 18, 2008.

---

Katherine Mize, Legge Farrow Kimmitt McGrath & Brown, Houston, TX, Victor Alan Perry, Cheryl H. Wilson, Perry & Spann, Las Vegas, NV, for Plaintiff–Appellant.

Todd L. Bice, Brownstein Hyatt Farber Schreck PC, Las Vegas, NV, for Defendants–Appellees.

Before: B. FLETCHER and RYMER, Circuit Judges, and DUFFY,* District Judge.

## MEMORANDUM **

Plaintiff–Appellant John Nelson ("Nelson"), a veteran gambler, brought suit against MGM Grand Hotel, LLC, MGM Grand Resorts, LLC, and MGM Mirage (collectively "MGM"), for alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1963, and various state law claims arising out of MGM's failure to immediately wire transfer $235,000 in winnings to Nelson's personal bank account. Nelson appeals the district court's dismissal of his Complaint pursuant to Fed.R.Civ.P. 12(b)(6), arguing that: (1) he pleaded sufficient facts to show that MGM violated five Nevada gaming statutes and the federal wire fraud statute in demonstrating "racketeering activity" in violation of RICO; (2) the two failed wire transfers qualify as a "pattern" of such racketeering activity; (3) he pleaded sufficient facts to show that

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

MGM collected an unlawful debt in violation of RICO; (4) his state law claims are outside the exclusive jurisdiction of the Nevada State Gaming Control Board; and (5) he should have been granted leave to amend his RICO claims.

We need not address the merits of Nelson's underlying claims of racketeering activity because the predicate acts—which consisted of two non-transfers within a two-day period—do not constitute a "pattern" as required for a viable RICO claim as they did not occur over a substantial period of time nor were they a part of MGM's regular manner of conducting business. *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 241–42, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989).

Nelson's RICO claim based on the alleged collection of an unlawful debt must also fail as Nelson was never indebted to MGM. The casino never extended any credit to Nelson. The $235,000 that he lost consisted of his prior winnings. Thus, no "debt" was ever collected.

Next, the district court did not err in dismissing Nelson's state law claims regardless of whether these claims are within the exclusive jurisdiction of the Nevada State Gaming Control Board. Nelson's attempt to recoup his gambling losses under the guise of common law causes of action is totally unavailing. As with most common law jurisdictions, Nevada has historically made debts arising from any gambling or gaming unenforceable in the courts of the State. *See Berman v. Riverside Casino Corp.*, 323 F.2d 977, 978 (9th Cir.1963) (discussing the Supreme Court of Nevada's prior rulings that, based on the common law, casino operators and patrons could not bring civil suits to collect gambling debts). *Sigel v. McEvoy*, 101 Nev. 623, 707 P.2d 1145, 1147 (1985), does not compel a different conclusion as the

plaintiff there was not in a position to lose money to the defendant—unlike Nelson who lost money gambling at MGM. That he may have begun gambling again because of MGM's behavior is immaterial because, at bottom, Nelson seeks to undo the result of gambling. Under Nevada statute, such debts can be recovered only by a proceeding before the Nevada State Gaming Control Board. NEV.REV.STAT. § 463.361. Nelson has already brought a proceeding before the Board, which he lost. But this does not change our conclusion that his state law claims cannot proceed in a legal action.

Finally, the district court did not err in dismissing Nelson's Complaint without leave to amend as any amendment would be futile. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir.2008).

**AFFIRMED.**